UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDUARDO E.H. HERNANDEZ, | ) | 1:08-cv-00945 AWI YNP (DLB) (HC) |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING RESPONDENT'S MOTION |
| | ) | TO DISMISS |
| | ) | |
| M.S. EVANS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted of murder plus sentencing enhancements and was sentenced to life without the possibility of parole. (MTD at 1).

The California Court of Appeal, Fifth Appellate District affirmed the judgement on October 27, 2006. (Id. at 2).

Petitioner sought review with the California Supreme Court; which was denied on February 7, 2007. (Id.)

On April 23, 2008, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Id.) The petition was denied without comment on October 1, 2008. (Opposition, Doc. 1).

Petitioner filed the instant petition on July 7, 2008 in which he raised the following five

claims: 1) Petitioner was denied his right to effective assistance of counsel due to counsel's failure to make appropriate objections and arguments at trial and by the trial court's failure to remove counsel and grant a motion for new trial because counsel had been arrested for a methamphetamine offense; 2) the trial court improperly instructed the jury that Petitioner could be found guilty as a conspirator, without shared knowledge and intent, even if he did not act as an aider and abettor, which required shared knowledge and intent; 3) trial counsel provided ineffective assistance in that he allowed recanted and perjured testimonies to go unchallenged and failed to subpoena witnesses that would contradict prosecution witnesses; 4) the prosecutor knowingly used false testimony; and 5) the trial court abused its discretion by admitting into evidence Petitioner's juvenile offense. (Doc. #1)

On October 2, 2008, Respondent filed a motion to dismiss, claiming that claims four and five of the petition had not been ruled on by the state supreme court and were therefore unexhausted. (Doc. #10). On October 14, 2008, Petitioner filed an opposition to the motion to dismiss. (Doc. #15). It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even*

*if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent asserts that the Petition should be dismissed because Petitioner only exhausted grounds one through three in his petition for review with the California Supreme Court. Respondent admits that Petitioner raised grounds four and five in his habeas petition with the California Supreme Court, but that those claims are unexhausted because, at the time of Respondent's motion, that petition had not been ruled on. (MTD at 3). In his opposition to the motion to dismiss, Petitioner has filed a copy of the California Supreme Court's decision dated October 1, 2008, denying his petition for writ of habeas corpus. (Opposition, Doc. 1). It appears that the California high court has now had a full and fair opportunity to rule on all claims presented in the instant petition; which means all claims have been exhausted and Respondent's motion to dismiss should be denied.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be DENIED.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishi, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's

1  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
2  within the specified time may waive the right to appeal the Order of the District Court.  MartineYlst,
3  951 F.2d 1153 (9th Cir. 1991).

5      IT IS SO ORDERED.

6      **Dated:**   **August 19, 2009**            **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE